UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RANDALL MALKOWSKI | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 22-cv-06830 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| SHERWIN MILES, EDWARD JACOB, | ) | |
| CHARLES TRUITT, and the ILLINOIS | ) | |
| DEPARTMENT OF CORRECTIONS, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Randall Malkowski brings a five-count complaint against Defendants Sherwin Miles, Edward Jacob, Charles Truitt (the "Individual Defendants"), and the Illinois Department of Corrections (the "IDOC") (collectively, the "Defendants"). Malkowski alleges (I) retaliation in violation of 42 U.S.C. § 2000e-3(a) against IDOC; (II) retaliation in violation of the First Amendment against the Individual Defendants; (III) discrimination in violation of the Fourteenth Amendment against the Individual Defendants; (IV) retaliation in violation of the Illinois Human Rights Act, 775 ILCS 5/6-101(A) against IDOC; and (V) intentional infliction of emotional distress against all Defendants. Before the Court is Defendants' motion to dismiss Counts I–III under Fed. R. Civ. P. 12(b)(6) and Counts IV–V under Fed. R. Civ. P. 12(b)(1). For the following reasons, the Court grants Defendants' motion [21].

**BACKGROUND**

The Court accepts the following facts as true for the purpose of Defendants' motion. Malkowski is a Correctional Officer at Stateville Correctional Center ("Stateville"). IDOC is an Illinois state agency that operates Stateville. Miles worked as Acting Warden of Stateville, Truitt

1

worked as Assistant Warden at Stateville, and Jacob worked as Shift Supervisor and Acting Assistant Warden at Stateville. All Individual Defendants supervised Malkowski.

On June 14, 2019, Miles called Malkowski to her office and asked him for details about his sexual relationships, including specific sexual acts involving another IDOC employee. Malkowski refused to answer Miles's questions and requested she stop the discussion. Instead of respecting his request, Miles recommended that Malkowski engage in sexual acts with other IDOC employees to appear less "stiff, stern, and militaristic." Miles also allegedly threatened to retaliate if Malkowski reported the incident.

From 2019 through 2021, Malkowski alleges that his supervisors subjected him to numerous retaliatory acts for reporting Miles's alleged sexual harassment, including illegitimately referring him for discipline, making threats of work-related retaliation, belittling and humiliating him, and reassigning him to different units. Malkowski filed grievances with IDOC, complained to IDOC administration, and reported the harassment and retaliation, but he alleges IDOC ignored or denied all such pleas. Eventually, Malkowski was placed on a Corrective Action Plan. Malkowski received negative performance feedback, which he alleges was illegitimate. Malkowski alleges that this cycle of retaliation and reporting continued throughout this period.

Prior to the initial incident with Miles, Malkowski alleges that he had an exemplary 25-year record at IDOC. In late-2021, Malkowski suffered a massive heart attack. He is now on a regimen of numerous medicines. Unfortunately, Malkowski's health has continued to deteriorate.

Based on these allegedly retaliatory incidents, Malkowski filed a charge of discrimination with the Illinois Department of Human Rights ("IDHR") and Equal Employment Opportunity Commission ("EEOC") on December 21, 2021. The EEOC acknowledged Malkowski's request for a right-to-sue letter on December 2, 2022, but Malkowski does not allege whether he ever received a right-to-sue letter from the EEOC.

2

**LEGAL STANDARD**

Courts must dismiss cases in which jurisdiction is lacking. *Aljabri v. Holder*, 745 F.3d 816, 818 (7th Cir. 2014). State sovereign immunity "is a jurisdictional defense" considered under Fed. R. Civ. P. 12(b)(1). *See Driftless Area Land Conservancy v. Valcq*, 16 F.4th 508, 520 (7th Cir. 2021). To survive a motion under Fed. R. Civ. P. 12(b)(1), a plaintiff bears the burden to establish that the jurisdictional requirements have been met. *See Transit Exp., Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001). The Court must address whether subject matter jurisdiction exists before it can assess the merits of a case. *See All. for Water Efficiency v. Fryer*, 892 F.3d 280, 287 (7th Cir. 2018).

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). When considering dismissal of a complaint, the Court accepts well pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam); *Trujillo v. Rockledge Furniture LLC*, 926 F.3d 395, 397 (7th Cir. 2019). To survive a motion to dismiss, plaintiff must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

**DISCUSSION**

1. *Count I*

Malkowski alleges that IDOC retaliated against him for reporting Miles's alleged sexual harassment in violation of 42 U.S.C. § 2000e-3(a). "Before bringing a Title VII claim, a plaintiff must first exhaust his administrative remedies by filing charges with the EEOC and receiving a right

3

to sue letter." *Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004 (7th Cir. 2019) (citing *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992)).

Defendants argue that Malkowski's Title VII claim should be dismissed because he failed to allege that he received a right to sue letter from the EEOC. Malkowski responded by attaching his EEOC right-to-sue letter, issued on December 2, 2022, to his opposition brief. (Dkt. 24-1.) In reply, however, Defendants correctly point out that attaching a right-to-sue letter to a response brief does not save a plaintiff's complaint.

Malkowski may not amend his complaint through his response brief. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011). Attaching a right-to-sue letter to a response brief, therefore, may cure the deficiency identified in Malkowski's *case*, but it does not cure the deficiency identified in a Malkowski's *complaint*. *See Perkins v. Silverstein*, 949 F.2d 463, 471 (7th Cir. 1991) (suggesting that a complaint with sufficient Title VII allegations, but lacking a right-to-sue letter allegation, would need to be amended to show compliance with the statute). Although Malkowski argues that "[i]t does not appear to be necessary" for him to amend his complaint, Dkt. 24 at 2, he provides no authority in support of that proposition. In contrast, other courts in this district have dismissed complaints in this scenario. *See Mahran v. Cnty. of Cook*, No. 21-CV-6325, 2022 WL 11169418, at *3 (N.D. Ill. Oct. 19, 2022) (Rowland, J.) (dismissing complaint where plaintiff failed to attach right-to-sue letter and included it only through plaintiff's response brief). The Court therefore dismisses Count I without prejudice.

2. *Counts II–IV*

Malkowski does not oppose dismissal of Counts II and III. (Dkt. 24 at 2.) The Court therefore dismisses those Counts. Malkowski also concedes Defendants' argument that Count IV must be heard by a different tribunal. (*Id.* (citing *Harris v. Illinois*, 753 F. Supp. 2d 734, 741 (N.D. Ill. 2010)). The Court therefore dismisses Count IV without prejudice to refiling in the proper court.

4

*3. Count V*

Although Malkowski alleges intentional infliction of emotional distress ("IIED") against all Defendants, he concedes that dismissal of his claim against IDOC is proper. (*Id.* ("Plaintiff agrees IDOC must be dismissed.")). The Court therefore dismisses Count V against IDOC. Malkowski nonetheless maintains that his claims against the Individual Defendants are not barred by the doctrine of sovereign immunity.

Under the doctrine of sovereign immunity, states are immune from suit in federal court by their citizens unless the state unequivocally waives sovereign immunity or Congress unequivocally abrogates the state's immunity through its enforcement powers under the Fourteenth Amendment. *Kroll v. Bd. of Trustees of Univ. of Illinois*, 934 F.2d 904, 907 (7th Cir. 1991). Likewise, under the Illinois State Lawsuit Immunity Act, 745 ILCS 5/1, "the State of Illinois shall not be made a defendant or party in any court." Illinois has waived immunity for "claims against the State for damages in cases sounding in tort," 705 ILCS 505/8, such as Malkowski's IIED claim, but *only* in the Illinois Court of Claims. *Id.* Illinois has not waived its sovereign immunity against tort actions in federal courts. *See Feldman v. Ho*, 171 F.3d 494, 498 (7th Cir. 1999).

Malkowski argues that the Individual Defendants should not be treated as the state here. In some circumstances, a lawsuit against a state employee can be considered one against the state itself for the purposes of sovereign immunity. *See T. S. v. Cnty. of Cook, Illinois*, 67 F.4th 884, 892 (7th Cir. 2023). Those circumstances exist where: (1) the employee did not act "beyond the scope of his authority through wrongful acts;" (2) the employee's duty was "not owed to the public generally independent of the fact of State employment;" and (3) the employee's allegedly wrongful acts "involve matters ordinarily within that employee's normal and official functions of the State." *Id.* (quoting *Healy v. Vaupel*, 133 Ill.2d 295, 549 N.E.2d 1240, 1247 (1990)). The Illinois Supreme Court has also held that an action against a state employee can be considered an action against the state

5

"where a judgment for the plaintiff could operate to control the actions of the State or subject it to liability." *Fritz v. Johnston*, 209 Ill. 2d 302, 315, 807 N.E.2d 461, 469 (2004) (quotation omitted).

Malkowski does not respond to the elements described in *Healy*, and thus forfeits an argument on them. *See Cnty. of McHenry v. Ins. Co. of the W.*, 438 F.3d 813, 818 (7th Cir. 2006), *as amended* (Apr. 11, 2006) (quoting *Stransky v. Cummins Engine Co.*, 51 F.3d 1329, 1335 (7th Cir. 1995) ("[W]hen presented with a motion to dismiss, the non-moving party must proffer some legal basis to support his cause of action . . . The federal courts will not invent legal arguments for litigants.")). In any case, the Court agrees with Defendants that Malkowski's IIED claim, at least as alleged and argued here, is barred by the State's sovereign immunity. Malkowski has failed to meet his burden to show jurisdiction is proper under Rule 12(b)(1). *See Transit Exp.*, 246 F.3d at 1023.

First, Malkowski does not allege that the Individual Defendants acted beyond the scope of their duties when they conducted meetings and performance reviews, disciplined Malkowski, made threatening but job-related comments, and reassigned him. The proper question is not whether the employee committed a legal wrong: "[o]bviously, no state employee has authority to commit a tort." *Jackson v. Alverez*, 358 Ill. App. 3d 555, 561, 831 N.E.2d 1159, 1164 (Ill. App. 4 Dist. 2005). Instead, the court must determine "whether the employee's 'job' encompassed the allegedly tortious acts." *Kyles v. Beaugard*, No. 15-CV-8895, 2023 WL 5277882, at *23 (N.D. Ill. Aug. 16, 2023) (Seeger, J.) (citing *Jackson*, 831 N.E.2d at 1165). Although Malkowski alleges that the Individual Defendants' actions were illegitimate and intended to inflict emotional distress, he does not allege the actions fell outside the scope of his supervisors' state-created duties and job functions.

Second, Malkowski does not allege that the Individual Defendants breached a duty to the public generally, independent of duties arising out of their state employment. Sovereign immunity bars actions in federal court where a state employee allegedly "breach[es] a duty that is imposed on him *solely* by virtue of his State employment[.]" *Currie*, 592 N.E.2d at 980. "The question to ask, in

other words, is whether the defendant breached a duty owed by all citizens, or whether he breached a duty held uniquely by State employees holding the job at issue." *Turpin v. Koropchak*, 567 F.3d 880, 883 (7th Cir. 2009). Malkowski's IIED allegations are based entirely on the Individual Defendants' positions as his supervisors at work. What matters is Malkowski's specific claims, not that everyone has a duty to refrain from intentionally inflicting emotional distress on others. *See id.* ("The fact that we can find a broader parallel duty held by all citizens—to refrain from fraud—doesn't change a thing. If courts were to ignore the specific duty in favor of its more general cousin, the Court of Claims would be a quiet place indeed."). It is not enough to allege that the Individual Defendants breached duties they had as Malkowski's supervisors (for example, a duty not to retaliate against him for filing a discrimination complaint). Such duties arise solely out of the parties' employment relationship with each other and the State.

Third, the alleged breach arises from matters "ordinarily within . . . the normal and official functions" of the Individual Defendants' jobs as supervisors at Stateville. *Healy*, 549 N.E.2d at 1247. This element "overlaps to some extent" with the first. *See Jackson*, 831 N.E.2d at 1164. Malkowski's allegations fall short for the same reasons. Although he alleges that the Individual Defendants intended to harm him through their supposed job-related decisions, their "motives do not factor into whether [they] acted within [their] normal functions." *T. S.*, 67 F.4th at 893.

Rather than addressing these elements, Malkowski argues that the Individual Defendants are not protected by sovereign immunity because "[w]henever a state employee performs illegally, unconstitutionally, or without authority, a suit may still be maintained against the employee in his individual capacity and does not constitute an action against the State of Illinois." (Dkt. 24 at 3 (citing *Fritz v. Johnston*, 209 Ill. 2d 302, 313, 807 N.E.2d 461 (2004)). But as described above, Malkowski considers only part of a broader analysis. Malkowski fails to distinguish between legal wrongs done ostensibly as part of state employment and legal wrongs done absent state authority.

7

*Jackson*, 831 N.E.2d at 1164 ("[T]he question is whether the employee intended to perform some function within the scope of his or her authority when committing the legal wrong."). An employee may break workplace rules or violate their duties with willful and wanton indifference but still act within the scope of their state employment. *Id.* Although Malkowski alleges that the Individual Defendants behaved horribly, possibly illegally, he does not allege that they acted outside of the scope of their employment. The key question is not whether the Individual Defendants are liable for IIED, but whether they should be treated as the State in this lawsuit.

Malkowski's reliance on *Fritz* is misplaced. In *Fritz*, the court addressed allegations that one group of the plaintiff's supervisors violated an Illinois criminal statute prohibiting false accusations of criminal conduct, and that a second group conspired with the first group to do so. 807 N.E.2d at 469. The court held that sovereign immunity did not apply to these defendants. *Id.* at 469-70. The court determined that the *Fritz* defendants' alleged wrongdoing of spreading and supporting false accusations of criminal conduct stemmed from a violation of a public duty rather than a duty arising out of state employment. In contrast, the duties that the Individual Defendants here allegedly breached arise solely out of their state employment. Sovereign immunity thus bars Malkowski's claims against them, and the Court must dismiss Count V.

**CONCLUSION**

For these reasons, the Court grants Defendants' motion [21] and dismisses Malkowski's complaint without prejudice. The Court grants Malkowski leave to file an amended complaint within 30 days if he believes in good faith that he can cure the deficiencies identified here.

**IT IS SO ORDERED.**

Date: 2/16/2024

Entered:

_____
SHARON JOHNSON COLEMAN
United States District Judge

8